## ALVA CARPENTER

*v.*

## EUGENE DAVIS.

1. PAROL GIFT—*title to the proceeds of sale by the donee, with the permission of the donor.*   Whilst it is true that a parol gift of a chattel is incomplete without delivery, yet where the donor permits the donee to sell the gift, and the donee, with the proceeds of such sale, purchases from the donor other property, the title to such property is perfect.

2. So, where one gave to his minor step son, who was living with him as a member of his family, a calf, and permitted him to sell it, and then sold a horse to him, and took the proceeds of the sale of the calf in payment therefor, it was *held*, that the title to the horse passed by purchase, and not by gift, and was perfect in the son.

3. ERROR—*will not always reverse.*   Even if it appears that some improper testimony has been admitted, still, if the legitimate evidence in the case fully sustains the verdict, and it is apparent that, upon another trial, with the improper evidence excluded, the result would necessarily be the same, the judgment will not be reversed.

WRIT OF ERROR to the Circuit Court of Tazewell county ;
the Hon. CHARLES TURNER, Judge, presiding.

Messrs. HARPER & CASSWELL, and Mr. GEORGE PUTERBAUGH, for the plaintiff in error.

Messrs. STEVENSON & EWING, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The law is well settled, that a parol gift of a chattel is incomplete without delivery, or something that is equivalent to

it.    But, we think, this judgment can be maintained on the ground the title to the property in controversy passed by purchase, and not by mere gift.

The calf mentioned in the testimony seems to have been a gift, and, notwithstanding the relation of parent and child may have existed between the parties, the donor never attempted to resume that particular gift, but suffered plaintiff, who was then a minor, to sell it for his own benefit.    With the money realized from the sale, the horse in controversy was purchased of defendant.    No reason is perceived why the title did not pass to plaintiff as effectually as if the horse had been bought with money derived from any other source.

The testimony as to the original gift and the purchase of the horse is conflicting, but we think the weight of the evidence is clearly with the finding of the jury.

It is assigned for error, that the court admitted improper evidence.

Much of the evidence contained in the depositions of certain witnesses, that had been taken in another cause between the same parties, was material, on the issue formed on the plea of property in Reuben Carpenter.    It tended to show the alleged sale of the property to him was a mere sham, and to that extent it was proper.    No doubt the court admitted some improper testimony, and did not the legitimate evidence so fully sustain the verdict, we should be inclined to reverse the judgment for that reason.    We are satisfied, a new trial, with the improper testimony excluded, would be of no benefit to plaintiff in error.    The result would necessarily be the same.    Had the court rejected proper evidence, that would have been of advantage to him—it would have presented a very different question for our consideration.    The error would then have been much more prejudicial, and perhaps would have been good cause for a reversal of the judgment.

We perceive nothing in the instructions that was calculated to mislead the jury.    The court was warranted in refusing

the first of defendant's instructions, for the reason there was no evidence in the case on which to base it.

Notwithstanding some irregularities, that really do not affect the merits of the case, may appear, we are satisfied, from a consideration of the whole evidence, justice has been done, and the judgment must accordingly be affirmed.

*Judgment affirmed.*